**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ARNALDO QUIÑONES ORTIZ**

  **v.**                                          **Civ. No. 98-2149(DRD)**

**BARROS & CARRIÓN, INC.**

**ORDER**

Pending before the Court is defendant Barros & Carrión, Inc.'s Motion to Dismiss or in the Alternative to Bar Plaintiff's Expert Witnesses, filed on July 14, 2000. (Docket No. 15). The motion was opposed by plaintiff on July 27, 2000. (Docket No. 17). For the following reasons defendant's motion is **GRANTED in part and DENIED in part**.

In the Initial Scheduling Conference held on March 20, 2000, the Court set the following deadlines:

> "Plaintiff will file his Initial Scheduling Memorandum within ten (10) days but advances that he will have three (3) expert witnesses. . . Plaintiff has sixty (60) days to identify his expert witnesses and sixty (60) days thereafter to file his experts' reports in full compliance with Fed. R. Civ. P. 26. . . Both parties have sixty (60) days after Defendant notifies its expert report to depose all experts."

Docket No. 14.

In the case at bar, Plaintiff was given a clear unambiguous directive which Plaintiff has not followed. First, at the Initial Scheduling Conference held on March 20, 2000, the Court granted plaintiff ten days to file the Initial Scheduling Memorandum, however, plaintiff did not file the memorandum until July 27, 2000, after defendant had already filed the motion to dismiss or in the alternative requesting the preclusion of plaintiff's expert witness. (Docket No. 16). Second, although the Court had granted plaintiff sixty days to identify all expert witnesses, more than ninety days had elapsed before plaintiff finally identified the expert witnesses in the Initial Scheduling Memorandum. (Docket no. 16). Finally, the Initial Scheduling Memorandum fails to identify the issues the expert witness are to address, is devoid of any information pertaining to the expert witnesses' address or telephone numbers as required under Fed. R. Civ. P. 26. (Docket No. 16).

Plaintiff avers in the opposition that the noncompliance "was not 'capricious,' 'with purpose,' or 'prejudice.'" (Docket No. 19). However, the First Circuit Court has stated that "[p]rejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). Although, Federal Rule of Civil Procedure 41(b) allows for a defendant to move for dismissal when a plaintiff fails to comply with civil procedure rules or court orders; alternatively, the Court chooses to impose a less drastic sanction of excluding plaintiffs' experts. See Klonosky v. Mahlab, 156 F.3d 255, 271 (1st Cir. 1998) ("absent some unusual extenuating circumstances not present here, the appropriate sanction when a party



fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial"); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 91 (1st Cir. 1996) (trial judge has broad discretion on pre-trial management matters; First Circuit Court of Appeals will review denial of discovery for abuse of considerable discretion); See Serrano-Pérez v. FMC Corp., 985 F.2d 625 (1st Cir. 1993) (Stating that district courts enjoy a "broad measure of discretion in managing discovery" and affirming the district court's decision to bar an expert witness obtained beyond the deadline imposed by the court.).

Therefore, for the above stated reasons defendant's motion is hereby **GRANTED in part and DENIED in part**.  Plaintiff is barred from the use of expert witnesses.

IT IS SO ORDERED.

Date: January _16_, 2001.

**DANIEL R. DOMINGUEZ**
**U.S. District Judge**