UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARNALDO QUIÑONES ORTIZ,
Plaintiff,

v.                                                          Case Number: 98-2149(DRD)

BARROS & CARRION, INC., et al.,
Defendants.

## ORDER

Pending before the Court are defendants' Motion to Dismiss (Docket No. 25), plaintiff's Motion for Reconsideration of Order Issued January 16, 2001 (Docket No. 27) and plaintiff's Motion to Seal (Docket No. 28). Defendant filed an opposition to plaintiff's motion for reconsideration on March 2, 2001. (Docket No. 30). The Court now addresses the pending motions.

In the Renewed Motion to Dismiss (Docket No. 25) defendants state that plaintiff's noncompliance with this Court's orders "denote a pattern of repetitive and continuous violations to this Court's orders and the federal discovery procedures" and that "[m]ore than two (2) years have lapsed from the date this complaint was filed under the American with Disabilities Act and defendant has not performed any discovery regarding plaintiff's expert witnesses." Hence, defendants aver that dismissal of this case is warranted. (Docket No. 25). To date, plaintiff has not filed an opposition to defendants' motion to dismiss, however, plaintiff filed a Request for Reconsideration of Order Issued on January 16, 2001 stating that the reason for plaintiff's non-compliance with the Court's orders was total impairment of plaintiff's counsel due to illness during the months of June 2000 to the middle of September 2000 and partial impairment from September 2000 to December 2000. (Docket No. 27). In support for these averments, plaintiff's counsel has filed a document under seal in order to evidence the allegations. (Docket No. 28).

After careful review of the allegations made by the parties in the motions filed, the Court **DENIES** defendants' motion to dismiss and **DENIES** plaintiff's motion for reconsideration. Federal Rule of Civil Procedure 41(b) allows for a defendant to move for dismissal when a plaintiff fails to comply with civil procedure rules or court orders. However, the Court alternatively, chooses the less drastic sanction of excluding plaintiffs' experts after consideration of the reasons provided by plaintiff's attorney for the noncompliance. See Klonosky v. Mahlab, 156 F.3d 255, 271 (1st Cir. 1998) (holding that "absent some unusual extenuating circumstances not present here, the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial"); Serrano-Pérez v. FMC Corp., 985 F.2d 625 (1st Cir. 1993) (stating that district courts enjoy a "broad measure of discretion in managing discovery" and affirming the district court's decision to bar an expert witness obtained beyond the deadline imposed by the court.). Therefore,

defendants' motion to dismiss is **denied**.

As to plaintiff's motion for reconsideration, the Court concludes that the reasons provided for the noncompliance do not save plaintiff from the exclusion of his expert witnesses as a sanction for failure to comply with the Court's case management deadlines. See Airline Pilots in the Serv. of Executive Airlines, Inc., 569 F.2d 1174, 1175 (1st Cir.1978) (fact that attorney's secretary noted incorrect deadline for appeal did not excuse attorney's failure to file timely notice of appeal). Plaintiff's attorney did not assert any reason whatsoever, other than his illness, for his failure to comply with the Court's order. This is not enough. The Court must balance a very busy case load, and its ability to rely on timely compliance with case management orders is critical. "[P]rejudice to the court is inherent in needless delays and postponements." Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1993). "Violations of the Court's orders impedes its efficiency and merits sanctions." See generally Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). If Plaintiff's attorney allowed this Court's orders to fall through the cracks, he must bear the responsibility and the consequences.

Additionally, the Court notes that the distinction between attorney and client for the purposes of case management is irrelevant. As the Supreme Court observed in Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962),

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' "

Id. at 633-34 (quoting Smith v. Ayer, 101 U.S. 320, 326 (1880)). Accordingly, plaintiff's motion for reconsideration is **denied**.

Plaintiff's Motion to Seal is **GRANTED**. For administrative purposes this Order disposes of Docket Nos. 25, 26 and 27.

**IT IS SO ORDERED.**

April 23, 2001.

DANIEL R. DOMINGUEZ
U.S. District Judge